Jeffrey S. Abraham (JA-2946)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, N.Y. 10119
Telephone: (212) 279-5050

Attorneys for Plaintiff

07 CV 10524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Hellerstein

------------------------------------------------------------x

ESTHER LOWINGER,

    Plaintiff,

v.

PZENA INVESTMENT MANAGEMENT, INC.,
and RICHARD C. PZENA,

    Defendants.

Civil Action No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

ECF Case

------------------------------------------------------------x

    Plaintiff alleges, except with respect to the allegations pertaining to Plaintiff and her counsel, based upon information and belief, which is based upon the investigation undertaken by Plaintiff's counsel, as follows:

### INTRODUCTION

    1.    This action is brought on behalf of a class (the "Class") consisting of all persons who purchased or otherwise acquired shares of Pzena Investment Management, Inc. ("Pzena" or the "Company") Class A common stock (the "Common Stock") in its initial public offering ("IPO") which occurred on October 24, 2007. Defendants made materially misleading statements and otherwise failed to disclose a pattern of net redemptions in the largest mutual fund advised by Pzena which existed at the time of the IPO. The subsequent disclosure of these

facts three weeks later resulted in the price of the Company's Common Stock declining causing Plaintiff and the other members of the Class to suffer damages.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under Section 11 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C. § 77k. Jurisdiction exists pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. §§ 1331, and 1337.

3. Venue is proper in this District because defendant Pzena maintains its headquarters in this District.

4. Defendants used the instrumentalities of interstate commerce, the U.S. mails and the facilities of the national securities markets in connection with the wrongful activity alleged herein.

## PARTIES

5. Plaintiff Esther Lowinger purchased shares of Pzena Common Stock in the IPO as set forth in the attached Certification.

6. Pzena is a Delaware corporation with its principal executive offices located at 120 West 45th Street, 20th Floor, New York, NY 10036. Pzena provides investment advisory services to: funds; individuals, typically high net worth individuals; investment companies; charitable organizations; corporations; state or municipal government entities; pension and profit sharing plans; and pooled investment vehicles.

7. Defendant Richard S. Pzena is the Company's Chairman, Chief Executive Officer and Co-Chief Investment Officer. Mr. Pzena owned 24,728,620 shares of Pzena Common Stock, representing 42.7% of the Company's outstanding shares of Common Stock prior to the IPO.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the Class consisting of all persons who purchased or otherwise acquired shares of Pzena Common Stock issued in the IPO. Excluded from the Class are defendants, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, and assigns, and any entity in which defendants have or had a controlling interest.

9. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, based upon the fact that millions of shares of Pzena Common Stock were sold in the IPO, Plaintiff believes that there are hundreds, if not thousands, of Class members. Members of the Class may be identified from records maintained by Pzena, its transfer agent or the underwriters for the IPO.

10. Plaintiff's claims are typical of the claims of the other members of the Class in that all members of the Class have been damaged by the acts of defendants, which caused members of the Class to purchase Pzena Common Stock at artificially inflated prices.

11. Plaintiff will fairly and adequately protect the interests of the other members of the Class. To assist him in that endeavor, plaintiff has retained counsel competent and experienced in class and securities litigation. Plaintiff is not aware of any interest she holds which is antagonistic to the interests of the Class.

12. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      (a)     Whether the Securities Act was violated by defendants' acts, as alleged herein;

      (b)     Whether any materially false or misleading statements were made in the Prospectus and Registration Statement; and

      (c)     To what extent the members of the Class have sustained damages and the proper measure of damages.

13.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to pursue individual redress for the damages caused to them by defendants' acts. Plaintiff is not aware of any difficulty that will be presented in managing this action as a class action.

## SUBSTANTIVE ALLEGATIONS

14.     On October 24, 2007, Pzena commenced its IPO for 6,100,000 shares of Common Stock at a price of $18.00 per share to the investing public. The underwriters were granted an option to purchase and sell to the investing public an additional 915,000 shares of the Common Stock. The IPO was accomplished through a prospectus (the "Prospectus") filed as part of a Form S-1 registration statement (the "Registration Statement") with the SEC.

15.     Key to the Company's performance is the amount of funds under management ("AUM") at any one particular time since the AUM provides the base off which Penza charges management fees and, accordingly, earns revenues.

16.     The Prospectus sought to reassure the investing public about the popularity of the funds it managed by stating (on page 5) under a heading titled "Recent Developments" that: "As

of September 30, 2007, our AUM was $28.9 billion. The $1.8 billion decline in our AUM from June 30, 2007 to September 30, 2007 was due to approximately $2.1 billion of market depreciation, which was *partially offset by $0.4 billion of net inflows.*" (Emphasis added).

17. The Prospectus made the following disclosure concerning risk factors confronting the Company and its ability to retain AUM:

*If our investment strategies perform poorly, we could lose clients or suffer a decline in asset under management which would impair our earnings.*

The performance of our investment strategies is one of the most important factors in retaining clients and AUM and competing for new business. If our investment strategies perform poorly, it could impair our earnings because:

- our existing clients might withdraw their funds from our investment strategies, which would cause the level of our advisory fees to decline;

- the level of the performance-based fees paid by certain of our clients, which provides us with a percentage of returns if our investment strategies outperform certain agreed upon benchmarks, would decline;

- third-party financial intermediaries, advisers or consultants may rate our investment products poorly, which may lead our existing clients to withdraw funds from our investment strategies or to the reduction of asset inflows from these third parties or their clients; or

- the mutual funds and other investment funds that we sub-advise may decide not to renew or to terminate the agreements pursuant to which we sub-advise them and we may not be able to replace these relationships.

*Our sub-investment advisory relationships with mutual funds advised by John Hancock Advisers represent a significant source of our revenues, and the termination of these relationships would impair our revenues and earnings.*

We currently act as a sub-investment adviser to the John Hancock Classic Value Fund, the John Hancock Classic Value Fund II, the John Hancock International Classic Value Fund and the John Hancock Classic Value Mega Cap Fund, each of which are SEC-registered mutual funds advised by John Hancock Advisers. Our sub-investment advisory relationships with these four mutual funds represented, in the aggregate, 32.4% of our AUM at June 30, 2007. For the years ended December 31, 2004, 2005 and 2006 and the six months ended June 30, 2006 and 2007, approximately 8%, 14%, 20%, 19% and 22%, respectively, of our

total revenue was generated from these relationships. Our sub-investment advisory agreement with the John Hancock Classic Value Fund represented all, or substantially all, of this revenue during these periods. There can be no assurance that our agreements with respect to any of these four mutual funds will remain in place. In addition, these agreements would terminate automatically in the event that the investment management agreement between John Hancock Advisers and each individual fund is assigned or terminated. Such a termination of our sub-investment advisory agreements would significantly reduce our revenues and we may not be able to establish relationships with other mutual funds' investment advisers and/or significant institutional separate accounts in order to replace the lost revenues.

18. These disclosures of "Recent Developments" and "Risk Factors" were materially misleading because, in truth and in fact, at the very time these statements were being made the Company was experiencing net redemptions in certain key funds it was managing. Thus, on November 16, 2007, *Reuters* carried a story disclosing that the Classic Value Fund of John Hancock, which is managed by Pzena, was running $2 billion less in sales this year than it did last year and that the fund had been reopened on October 1, 2007 because the fund had fallen into net redemptions.

19. In reaction to this disclosure, the price of Pzena's Common Stock declined to close at $13.75 per share, down more than 10% from its previously reported closing price and an almost 25% decline from the IPO price of $18.00 per share.

### CLAIM FOR RELIEF

20. Plaintiff repeats and realleges each and every allegation made above as if fully set forth herein.

21. This Count is brought pursuant to Sections 11 of the Securities Act, 15 U.S.C. § 77k, against all of the defendants.

22. The Registration Statement contained materially false or misleading statements.

23. The Company is the issuer of Pzena's Common Stock sold pursuant to the

Registration Statement. As an issuer of the shares, Pzena is strictly liable to plaintiff and the Class for the material misstatements and omissions.

24. Defendant Richard C. Pzena either individually or through an attorney-in-fact, signed the Registration Statement and served as a senior executives and director of Pzena at all times relevant to this action and is, therefore, liable for the materially false and misleading statements made in the Registration Statement. Defendant Richard C. Pzena failed to make a reasonable investigation or lacked reasonable grounds to believe that each of the statements made in the Registration Statement and the Prospectus was true, did not omit any material facts and was not materially misleading.

25. Plaintiff and the Class have sustained damages. The value of the Company's Common Stock has declined substantially subsequent and due to defendants' violations.

26. At the time she purchased Pzena Common Stock, Plaintiff was without knowledge of the wrongful conduct alleged herein and could not have reasonably discovered these facts. Less than one year has elapsed from the time plaintiff discovered or reasonably could have discovered the facts upon which this Complaint is based to the time this Complaint was filed. Less than three years has elapsed from the time the securities upon which this Count is based were *bona fide* offered to Plaintiff and other members of the Class.

**Basis for Information and Belief**

27. Plaintiff's information and belief is based upon an investigation conducted by her attorneys which included a review of relevant news reports and SEC filings made with respect to Pzena.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, certifying Plaintiff as a class

representative under Rule 23 of the Federal Rules of Civil Procedure, and certifying her counsel as class counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, including pre-judgment and post-judgment interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

Date: November 21, 2007

ABRAHAM, FRUCHTER & TWERSKY, LLP

By: _____
Jeffrey S. Abraham (JA-2946)
One Penn Plaza, Suite 2805
New York, N.Y. 10119
Telephone: (212) 279-5050

**Attorneys for Plaintiff**

## CERTIFICATION OF PLAINTIFF

Esther Lowinger ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint prepared by counsel with respect to the initial public offering ("IPO") of Pzena Investment Management, Inc. ("Pzena").

2. Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff purchased 100 shares of Pzena in the IPO.

5. Plaintiff has not served, nor sought to serve, as a representative party on behalf of a class in an action filed under the federal securities laws within the last three years..

6. Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 20 day of November, 2007.

*Esther Lowinger*
Esther Lowinger