**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X

ESTHER LOWINGER,                                                    ECF Case

        Plaintiff,

                                            Civil Action No. 07-10524 (AKH)

    v.

PZENA INVESTMENT MANAGEMENT, INC.,
and RICHARD C. PZENA,

        Defendants.

-------------------------------------------------------- X

[Additional caption on following page]

 

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF**
**ESTHER LOWINGER'S MOTION TO: (i) CONSOLIDATE ALL**
**RELATED CASES PURSUANT TO FED. R. CIV. P. 42(a);**
**(ii) APPOINT LEAD PLAINTIFF; AND (iii) APPOINT**
**ABRAHAM, FRUCHTER & TWERSKY, LLP AS LEAD COUNSEL**

 

Jeffrey S. Abraham (JA-2946)
Philip T. Taylor (PT-1111)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

------------------------------------------------------------ X

JERE C. WHITE, individually and on behalf of
all other persons similarly situated,

        Plaintiff,                          Civil Action No. 08-00406 (AKH)

     v.

PZENA INVESTMENT MANAGEMENT, INC.,
and RICHARD C. PZENA,

        Defendants.

------------------------------------------------------------ X

## **TABLE OF CONTENTS**

**Page**

SUMMARY OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . 2

II.     THE SECURITIES ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED
        FOR CLAIMS BROUGHT AS A CLASS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PLAINTIFF ESTHER LOWINGER SHOULD BE APPOINTED THE LEAD
        PLAINTIFF FOR THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Ms. Lowinger Has Filed a Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      Ms. Lowinger Has The Requisite Financial Interest
                In The Relief Sought By The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      Ms. Lowinger Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.     THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE
        OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Declaration of Jeffrey S. Abraham**

EXHIBIT 1:   Notice announcing commencement of class action against Pzena Investment
             Management, Inc. and Richard Pzena

EXHIBIT 2:   Firm resume for Abraham, Fruchter & Twersky, LLP

Plaintiff Esther Lowinger respectfully submits this memorandum of law in support of her motion to: (i) consolidate all related cases pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Esther Lowinger as lead plaintiff; and (ii) approve the selection of the firm of Abraham, Fruchter & Twersky, LLP as lead counsel.

## SUMMARY OF ACTION

This action is brought on behalf of all persons who purchased or otherwise acquired shares of Pzena Investment Management, Inc. ("Pzena" or the "Company") Class A common stock (the "Common Stock") in its initial public offering ("IPO") which occurred on October 24, 2007 (the "Class"). Complaint ¶1.[1] Pzena as well as the Company's Chairman, Chief Executive Officer and Co-Chief Investment Officer, Richard Pzena are named as defendants. Complaint ¶¶6-7. The claims asserted arise under Section 11 of the Securities Act of 1933 (the "Securities Act"). Complaint ¶2.

Pzena provides investment advisory services to: funds; individuals, typically high net worth individuals; investment companies; charitable organizations; corporations; state or municipal government entities; pension and profit sharing plans; and pooled investment vehicles. Complaint ¶6. On October 24, 2007, Pzena commenced its IPO for 6,100,000 shares of Common Stock at a price of $18.00 per share to the investing public. Complaint ¶14. The IPO was accomplished through a prospectus (the "Prospectus") filed with the Securities and Exchange Commission ("SEC"). Complaint ¶¶14-18.

Key to the Company's performance is the amount of funds under management ("AUM")

---

[1]    The use of the term Complaint in this brief refers to the Class Action Complaint filed in *Lowinger v. Pzena Investment Management, Inc.*, 07 CV 10524 (S.D.N.Y.).

at any one particular time since the AUM provides the base off which Pzena charges

management fees and, accordingly, earns revenues. Complaint ¶15. The Prospectus represented

that in the period ending September 30, 2007, Pzena had experienced net-inflows from investors.

Complaint ¶16. However, the disclosures in the Prospectus were materially misleading because,

in truth and in fact, at the very time these statements were being made the Company was

experiencing substantial net redemptions in certain key funds it was managing. Complaint ¶18.

These facts were ultimately disclosed in a *Reuters'* newswire report on November 16,

2007. *Id.* In reaction to this disclosure, the price of Pzena's Common Stock declined more then

10% from its previously reported closing price, representing an almost 25% slide from its IPO

price. Complaint ¶19.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Rule 42(a) grants the Court discretion to consolidate "actions involving a common

question of law or fact." The Court has broad discretion under this rule to consolidate cases

pending within this District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

In addition, the Securities Act dictates that consolidation should occur where, as here, more than

one action asserts "substantially the same claim." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The actions,

however, need not be identical before they may be consolidated. *See, e.g., Kaplan v. Gelfond*,

240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (differing class periods and different defendants do not

prevent consolidation).

Courts, therefore, routinely find that consolidating multiple securities cases is an efficient

solution where the complaints arise generally from the same alleged false and misleading

statements. *See, e.g., Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211

(S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc.*

*Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where

multiple securities fraud class actions are based on the same public statements and reports.")

(internal quotations omitted). Any minor differences in asserted claims will not prevent

consolidation. *See, e.g., Kaplan*, 240 F.R.D. at 91 (finding that different class periods and

different defendants will not prevent consolidation).

Here, both the *Lowinger* and *White* actions filed against Pzena involve the same

misleading statements that caused the Company's stock price decline and present common

questions of fact. Indeed, the *White* complaint, aside from changing the name and gender of the

plaintiff, is almost a verbatim repeat of the *Lowinger* complaint. Given the overlapping facts and

common defendants among the cases, consolidation is not only appropriate, but will also

conserve judicial resources and promote the efficient prosecution of these actions. *Kaplan*, 240

F.R.D. at 92.

## II.     THE SECURITIES ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Securities Act by enacting the Private

Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) ("PSLRA").

Specifically, Section 27(a)(3) of the Securities Act provides that, within 20 days after the date on

which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely
> circulated national business-oriented publication or wire service, a
> notice advising members of the purported plaintiff class -- (I) of the
> pendency of action, the claims asserted therein, and the purported
> class period; and (II) that, not later than 60 days after the date on

- 3 -

which the notice is published, any member of the purported class
may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. § 77z-1(a)(3).

On November 21, 2007, a notice was published on the Business Wire concerning the filing of the first class action which is the subject of this motion. *See* Exhibit A to the Declaration of Jeffrey S. Abraham ("Abraham Decl."). The notice advised members of the purported class of the pendency of the action, the claims asserted and the purported class period. As a result, the notice satisfied all the requirements of the PSLRA. *See generally*, *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

Section 27(a)(3)(B) of the Securities Act directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

> (aa)    has either filed the complaint or made a motion in the response to a notice
>          . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

- 4 -

(aa)    will not fairly and adequately protect the interests of the class; and

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).  The legislative intent of the PSLRA is generally to place control of federal securities class actions in the hands of institutional investors where possible.  *Cf.*, *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2508 (2007) ("Congress prescribed new procedures for the appointment of lead plaintiff and lead counsel.  This innovation aimed to increase the likelihood that institutional investors . . . would serve as lead plaintiffs.").

## III.    PLAINTIFF ESTHER LOWINGER SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS

Plaintiff Esther Lowinger satisfies the prerequisites for appointment as lead plaintiff.  In addition, there are no deficiencies in her adequacy which would cause her to be an inappropriate choice to serve as lead plaintiff.  Therefore, Ms. Lowinger brings this motion for the purpose of securing her appointment as lead plaintiff in this action and to obtain approval of her choice of lead counsel.

### A.    Ms. Lowinger Has Filed A Complaint

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Here, Ms. Lowinger filed a complaint which is the subject of the pending motion.  As such, Ms. Lowinger satisfies the first prong of the most adequate plaintiff test.

### B.    Ms. Lowinger Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a lead plaintiff is that "in the determination of

- 5 -

the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of

those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

Ms. Lowinger purchased 100 shares of Pzena's Common Stock in the IPO (*see* Certification of

Plaintiff, attached to the Complaint).

**C.    Ms. Lowinger Otherwise Satisfies Rule 23**

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the

Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides

that a party may serve as a class representative only if the following four requirements are

satisfied:

> (1)  the class is so numerous the joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests
> of the class.

Of the four prerequisites to class certification, only two  -- typicality and adequacy --

directly address the personal characteristics of the class representative.  Consequently, in

deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification.  *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings,*

*Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted).  As detailed below, plaintiff

satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her

appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

those of the class.  Typicality exists if claims "arise[] from the same course of events, and each

class member makes similar legal arguments to prove the defendant's liability." *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted).

Ms. Lowinger satisfies this requirement because, just like all other members of the Class, she purchased shares of Pzena's Common Stock in the IPO. Thus, Ms. Lowinger's claims are typical of those of other Class members since her claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. In this Circuit adequacy depends on: (1) whether the named Plaintiff and his counsel have any conflicts of interest with other class members; (2) whether class counsel is qualified and experienced; and (3) whether the named plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Kaplan*, 240 F.R.D. at 94.

Here, Ms. Lowinger has no conflict with the interests of the Class. She wants to obtain the maximum recovery for the Class so as to maximize her pro rata share of that recovery. Ms. Lowinger and her counsel have also demonstrated that they will prosecute the claims of the Class

- 7 -

vigorously by having acted to file a complaint asserting claims on behalf of the Class. Thus, Ms. Lowinger satisfies the adequacy requirements of Rule 23.

## IV.    THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF COUNSEL

The Securities Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). In that regard, Ms. Lowinger has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. Abraham, Fruchter & Twersky, LLP has previously practiced before this Court and has the commitment and ability to accomplish the required tasks since it has extensive experience and is highly competent in prosecuting similar actions. *See* Abraham Decl. Exhibit B.

## CONCLUSION

In light of the foregoing, plaintiff respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Esther Lowinger as lead plaintiff in this action; and (iii) approve the selection of Abraham, Fruchter & Twersky, LLP as lead counsel.

Dated: January 22, 2007

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Jeffrey S. Abraham (JA-2946)
Philip T. Taylor (PT-1111)
One Penn Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**
