KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022-4611
(212) 446-4800
Jay Lefkowitz
Eric F. Leon
Lisa V. LeCointe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ESTHER LOWINGER,                                  :
                                                  :   Master File No. 07 CV 10524 (AKH)
                     Plaintiff,                   :
                                                  :
              v.                                  :
                                                  :
PZENA INVESTMENT MANAGEMENT,                      :
INC., et al.,                                     :
                                                  :
                     Defendants.                  :
                                                  :
----------------------------------------------------------x


**THE UNDERWRITER DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT**

In the Consolidated Amended Complaint, plaintiffs Esther Lowinger and Chaoxu Zhao purport to assert claims against Goldman, Sachs & Co. and UBS Securities LLC (collectively, the "Underwriter Defendants") under Sections 11 and 12(a)(2) of the Securities Act of 1933. These claims fail as a matter of law. As set forth in the Pzena Defendants' Motion To Dismiss The Consolidated Amended Complaint, in which the Underwriter Defendants respectfully join, plaintiffs fail to state a claim under Section 11 because the alleged misrepresentations and omissions in the Consolidated Amended Complaint are not actionable as a matter of law. For the same reason, plaintiffs also cannot state a claim under Section 12(a)(2). It is well settled that an actionable misstatement or omission is an essential element of claims under both Sections 11 and 12(a)(2). See Lasker v. New York State Elec. & Gas Corp., 85 F.3d 55, 57-58 (2d Cir. 1996) (affirming dismissal of § 12(a)(2) claim where alleged misstatement was not false or misleading as a matter of law); Steinberg v. PRT Group, 88 F. Supp. 2d 294, 299-300 (S.D.N.Y. 2000) (same). Thus, plaintiffs' failure to adequately allege an actionable misstatement or omission is fatal to both their § 11 and § 12(a)(2) claims, and the Underwriter Defendants respectfully submit that these claims should be dismissed with prejudice.

In the event that the claims against the Underwriter Defendants are not dismissed in their entirety, the Section 12 claim asserted by plaintiff Chaoxu Zhao should be dismissed for lack of standing because it is undisputed that Chaoxu Zhao did not acquire shares of Pzena common stock in the initial public offering. The law is clear that only purchasers who acquire shares in the initial public offering have standing to pursue claims under Section 12(a)(2). Gustafson v. Alloyd Co., 513 U.S. 561, 576 (1995)

(liability under Section 12(a)(2) does not apply to "private or secondary" sales); <u>Yung v. Lee</u>, 432 F.3d 142, 149 (2d Cir. 2005) (adopting <u>Gustafson</u> and holding that "a Section 12(a)(2) action cannot be maintained by a plaintiff who acquires securities through a private transaction, whether primary or secondary"); <u>In re Alcatel Sec. Litig.</u>, 382 F. Supp. 2d 513, 530 n.8 (S.D.N.Y. 2005) ("Only those plaintiffs who purchased Class O shares pursuant to (*i.e*., in) the IPO have standing to bring [a] section 12(a)(2) claim."). According to Chaoxu Zhao's Certification Of Plaintiff Pursuant To Federal Securities Laws, Zhao did ***not*** acquire shares of Pzena in the initial public offering on October 24, 2007. (<u>See</u> Jan. 22, 2008 Declaration Of Catherine A. Torell, Exhibit B at ¶ 4.) Instead, Zhao acquired shares only in a private aftermarket transaction on October 25, 2007. Accordingly, Zhao lacks standing to assert any claim under Section 12(a)(2).

## CONCLUSION

For the foregoing reasons, the Consolidated Amended Complaint should be dismissed with prejudice as against the Underwriter Defendants for failure to state a claim. Alternatively, plaintiff Chaoxu Zhao's claim under Section 12(a)(2) should be dismissed for lack of standing.

Dated: New York, New York
      May 22, 2008

s/_____
Jay Lefkowitz
Eric F. Leon
Lisa V. LeCointe
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Attorneys for Defendants Goldman, Sachs & Co. and UBS Securities LLC

2