UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTHER LOWINGER, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PZENA INVESTMENT MANAGEMENT, INC., et al.,<br><br>Defendants. | Master File No. 07 CV 10524 (AKH) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

Jay P. Lefkowitz, Esq.
Eric F. Leon, Esq.
Lisa V. LeCointe, Esq.
Kirkland & Ellis, LLP
153 E. 53rd St.
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212 446-4900

*Attorneys for Defendants*
*Goldman Sachs & Co., Inc. and*
*UBS Securities LLC*

Plaintiffs' opposition papers do nothing to cure the fundamental pleading deficiency in the Section 11 and Section 12(a)(2) claims asserted in the Consolidated Amended Complaint. As set forth in the Pzena Defendants' opening and reply briefs in support of their motion to dismiss the Consolidated Amended Complaint, plaintiffs have not pointed, and cannot point, to any actionable misrepresentation or omission in the Pzena Prospectus. Indeed, the Prospectus accurately made all required disclosures concerning the net outflows from the Hancock Classic Value Fund; the information that plaintiffs allege was wrongfully "omitted" was neither required to be disclosed nor material. And plaintiffs' claim of an alleged misrepresentation concerning the reopening of Pzena's investment strategies ignores the basic distinction between Pzena's investment strategies and those of the John Hancock Classic Value Fund.

The Underwriter Defendants respectfully join in the Pzena Defendants' opening and reply briefs, and for the Court's convenience, will not repeat all of the arguments made therein. The Underwriter Defendants write separately to address plaintiff Chaoxu Zhao's lack of standing to bring a claim under Section 12(a)(2) of the 1933 Act. Zhao's own Certification conclusively demonstrates that Zhao did not purchase shares in the Pzena initial public offering, a fact that is fatal to his claim under Section 12(a)(2).

## ARGUMENT

The law in this Circuit could not be clearer -- only purchasers who acquired shares in an initial public offering have standing to pursue claims under Section 12(a)(2). See In re Prestige Brands Holding, Inc., 2006 WL 2147719, at *9 (S.D.N.Y. July 10, 2006) (Section 12(a)(2) "provides for a claim only in favor of those who purchase stock directly in an initial public offering") (citing cases); Laser Mortgage Mgmt., Inc. v. Asset Securitization Corp., 2001 WL 1029407, at *8 (S.D.N.Y. Sept. 6, 2001) (noting that "a number of courts within the Second

Circuit have addressed this issue after Gustafson and have limited Section 12(a)(2) liability to public offerings"); Dafofin Holdings, S.A. v. Hotelworks.com, Inc., 2001 WL 940632, at *6 (S.D.N.Y. Aug. 17, 2001) ("Courts within this circuit have consistently interpreted Gustafson to exclude purchasers in private or secondary market offerings from bringing actions under Section 12(a)(2)"); In re Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678, 693-94 (S.D.N.Y. 2000) ("Purchasers in private or secondary market offerings do not have standing to bring actions under Section 12(2)").  See also In re Limelight Networks, Inc. Sec. Litig., CV07-01603-PHX-SRB (D. Ariz. Aug. 7, 2008) (order dismissing with prejudice plaintiffs' § 12(a)(2) claim where plaintiffs did not purchase shares in the initial public offering) (attached as Exhibit A to LeCointe Decleration).

  Here, plaintiff Zhao's own Certification Of Plaintiff Pursuant To Federal Securities Laws makes clear that Zhao did *not* acquire shares of Pzena in the initial public offering on October 24, 2007.  (See Jan. 22, 2008 Declaration Of Catherine A. Torell, Exhibit B to LeCointe Declaration at ¶ 4.).  Rather, Zhao purchased these shares through a private transaction on March 25, 2007, *after* the IPO was already completed.  Thus, plaintiff Zhao lacks standing to bring a claim under Section 12(a)(2) of the 1933 Act.

  In an unavailing attempt to salvage Zhao's claim, plaintiffs cite Feiner v. SS&C Technologies, Inc., 47 F. Supp. 2d 250, 252 (D. Conn. 1999), for the proposition that "[a]n aftermarket purchase that occurs 'by means of a prospectus or oral communication' can provide grounds for Section 12(a)(2) standing."[1]  But plaintiffs ignore the fact that courts in this District have rejected Feiner as "unpersuasive."  In re WorldCom, Inc. Sec. Litig., 2004 WL 1435356, at

---

[1]  Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motions To Dismiss The Consolidated Amended Complaint at 21.

5 (S.D.N.Y. 2004) ("[t]he Feiner analysis is not persuasive").  See also In re Sterling Foster & Co., Inc., Sec. Litig., 222 F. Supp. 2d 216, 244 -245 (E.D.N.Y. 2002) (declining to follow Feiner and finding that "plaintiffs have standing to sue under Section 12(a)(2) only if they claim to have purchased their securities in the various public offerings rather than in the secondary markets") (emphasis added).  Instead, this District follows the long-standing rule that only those investors who purchased shares in a public offering have standing to sustain a Section 12(a)(2) claim.  Because it is undisputed that Zhao did not purchase shares in the initial public offering, Zhao's claim under Section 12(a)(2) should be dismissed for lack of standing.

## CONCLUSION

The Consolidated Amended Complaint should be dismissed with prejudice as against the Underwriter Defendants for failure to state a claim.  Alternatively, plaintiff Chaoxu Zhao's claim under Section 12(a)(2) should be dismissed for lack of standing.

Dated:  New York, New York  
        August 15, 2008

s/ _____  
Jay Lefkowitz, Esq.  
Eric F. Leon. Esq.  
Lisa V. LeCointe, Esq.  
KIRKLAND & ELLIS LLP  
153 East 53rd Street  
New York, New York  10022-4611  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

*Attorneys for Defendants Goldman, Sachs & Co. and UBS Securities LLC*